ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 5, 2004

The Honorable Frank J. Corte Jr.
Chair, Defense Affairs and State-Federal
    Relations Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78711

Opinion No. GA-0174

Re: Whether the City of Fort Worth must assume the full cost of continuing health insurance and other benefits for its fire fighters and police called to military service, and whether the City must allow its employees to donate to the military leave-time account their accrued paid leave that would expire if not used before the end of the year (RQ-0121-GA)

Dear Representative Corte:

On behalf of the City of Fort Worth (the "City"), you ask whether Local Government Code section 143.072 requires the City to assume the full cost of continuing health insurance and other benefits for its fire fighters and police called to military service.[1] You also ask whether section 143.075 requires the City to allow its employees to donate to the military leave-time account their accrued paid leave that would otherwise expire if not taken before the end of the year. *See* Request Letter, *supra* note 1, at 2.

Chapter 143 of the Local Government Code provides the terms by which a municipality with a population of 10,000 or more may establish a Fire Fighters' and Police Officers' Civil Service Commission in the municipality. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.002, .004, .006 (Vernon 1999). Section 143.072 regulates a commission's provision of military leave to fire fighters and police officers. *See id.* § 143.072 (Vernon Supp. 2004). It generally specifies the terms by which a commission must grant a fire fighter or police officer unpaid leave to enter a branch of the military, fill the fire fighter's or police officer's position during military service, and reinstate a fire fighter or police officer who has completed military service. *Id.* § 143.072(a)-(h).

---

[1]*See* Letter from Honorable Frank J. Corte Jr., Chair, Defense Affairs and State-Federal Relations Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General, at 1 (Oct. 10, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

In 2003, the legislature enacted a number of measures designed to assist public servants who are called to military duty.[2] One of the 2003 enactments amended the terms of fire fighters' and police officers' military leave in chapter 143. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 287, §§ 1-2, 2003 Tex. Gen. Laws 1255, 1255-56 (codified at TEX. LOC. GOV'T CODE ANN. §§ 143.072, .075 (Vernon Supp. 2004)) ("the Act"). The Act (1) requires the municipality to "continue to maintain" certain employee insurance and benefits coverage, (2) establishes a paid-leave account by which employees may donate their accumulated entitlement of paid leave to be used by fire fighters and officers on military leave, and (3) authorizes a qualified person to volunteer to substitute for a fire fighter or officer who is away on military leave. *See id.*

With respect to benefits, the Act adds section 143.072(g), which provides:

> If a fire fighter or police officer employed by a municipality is called to active military duty for any period, the employing municipality *must continue to maintain* any health, dental, or life insurance coverage and any health or dental benefits coverage that the fire fighter or police officer received through the municipality on the date the fire fighter or police officer was called to active military duty until the municipality receives written instructions from the fire fighter or police officer to change or discontinue the coverage.

TEX. LOC. GOV'T CODE ANN. § 143.072(g) (Vernon Supp. 2004) (emphasis added). The City explains that under its benefit plan the City and the employee each pays a portion of the employee's insurance premium.[3] The City wishes to know if the statutory directive to "continue to maintain" benefits coverage allows the City to do so on the same terms that were in effect when the employee left on military leave. *See* City Letter, *supra* note 3, at 1. As you phrase the question:

> Who is required to pay for the continuing coverage? . . . . Does the statute require both the City and the employees to continue to pay their portions of the premiums? If the employee pays a portion of the premium, may the City collect the employee['s] payments while they are away on military service? If the employees discontinue payments, can the City legally discontinue the health insurance?

Request Letter, *supra* note 1, at 1.

---

[2]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 431.005(a) (Vernon Supp. 2004) (entitling employees of the state and its political subdivisions to a paid leave of absence "for not more than 15 workdays in a federal fiscal year"); 431.0825 (entitling state employees to paid emergency leave without loss of military leave); 659.023 (requiring an agency to accommodate state employee's request to use accrued state compensatory time before it expires); 661.904 (concerning military leave of employees called to active duty during a national emergency to serve in the armed forces reserves); 661.9041 (requiring the head of a state agency to grant emergency leave as differential pay to an employee on unpaid military leave whose military pay is less than the employee's state pay); TEX. LOC. GOV'T CODE ANN. §§ 173.001-.005 (Vernon Supp. 2004) (authorizing municipality or county to continue the salary of employees who are members of a reserve component of the armed forces called to active duty and who have exhausted all military leave under state law).

[3]*See* Letter from David L. Yett, Fort Worth City Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Sept. 10, 2003) (on file with Opinion Committee) [hereafter City Letter].

Unambiguous statutes are construed generally according to their plain language. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We must construe the language of a statute in context and give the words their ordinary meanings. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). As with other 2003 legislation, the Act as a whole evidences an intent to mitigate the impact of leaving civil service to fulfill military obligations.[4] Section 143.072(g) expressly states that when a municipality's fire fighters and police officers are called to active military duty, the "municipality must continue to maintain any health, dental, or life insurance coverage and any health or dental benefits coverage that the fire fighter or police officer received through the municipality on the date the fire fighter or police officer was called." TEX. LOC. GOV'T CODE ANN. § 143.072(g) (Vernon Supp. 2004). While the statute does not specify the exact terms of coverage, the phrase "continue to maintain" strongly suggests status quo. *See id.* The plain language of the statute requires that a municipality maintain the employee's insurance and benefits coverage on the same terms that were in effect when the employee was called for military duty.[5] Those terms may include the employee's obligations to pay their portion of any premiums. With respect to your subsidiary questions about the mechanics of premium collection, *see* Request Letter, *supra* note 1, at 1, we believe that is an administrative matter to be determined pursuant to the terms of the particular coverage offered. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 172.001-.015 (Vernon 1999 & Supp. 2004) (Texas Political Subdivision Employees Uniform Group Benefits Act).

Your second question concerns a new section added by the Act, section 143.075, which provides:

(a) A municipality shall maintain military leave time accounts for the fire and police departments and must maintain a separate military leave time account for each department.

(b) A military leave time account shall benefit a fire fighter or police officer who:

(1) is a member of the Texas National Guard or the armed forces reserves of the United States;

(2) was called to active federal military duty while serving as a fire fighter or police officer for the municipality;

---

[4] We note that the Government Code requires state agencies to review with state employees called to active duty during a national emergency in the armed forces reserves what the employees must do to maintain health insurance coverage, including premium payments. *See* TEX. GOV'T CODE ANN. § 661.904(e) (Vernon Supp. 2004).

[5] The Uniform Services Employment and Reemployment Rights Act ("USERRA") also provides for continued health plan coverage for employees on military duty. Under USERRA, an employee who elects to continue coverage may be required to pay up to 102 percent of the full premium, "except that in the case of a person who performs service in the uniformed services for less than 31 days, such person may not be required to pay more than the employee share, if any, for such coverage." 38 U.S.C. § 4317(a)(2) (2000).

(3) has served on active duty for a period of 12 continuous months or longer; and

(4) has exhausted the balance of the person's vacation, holiday, and compensatory leave time accumulations.

(c) A fire fighter or police officer *may donate any amount* of accumulated vacation, holiday, sick, or compensatory leave time to the military leave time account in that fire fighter's or police officer's department to help provide salary continuation for fire fighters or police officers who qualify as eligible beneficiaries of the account under Subsection (b). A fire fighter or police officer who wishes to donate time to an account under this section must authorize the donation in writing on a form provided by the fire or police department and approved by the municipality.

(d) A municipality shall equally distribute the leave time donated to a military leave time account among all fire fighters or police officers who are eligible beneficiaries of that account. The municipality shall credit and debit the applicable military leave time account on an hourly basis regardless of the cash value of the time donated or used.

*See* Act of May 30, 2003, 78th Leg., R.S., ch. 287, § 2, 2003 Tex. Gen. Laws 1255, 1255-56 (codified at TEX. LOC. GOV'T CODE ANN. § 143.075 (Vernon Supp. 2004)) (emphasis added). In particular, you ask how subsection (c), which permits municipal fire fighters and police officers to donate "*any amount* of accumulated vacation, holiday, sick, or compensatory leave time," comports with the City's employee leave carryover policies. *Id.* § 143.075(c) (emphasis added); Request Letter, *supra* note 1, at 2. Cities with a civil service commission may decide how much vacation leave, if any, a fire fighter or police officer may carry over from year to year. *See* TEX. LOC. GOV'T CODE ANN. § 143.046 (Vernon 1999). The City permits its police officers to accumulate up to 90 days of vacation time and up to 120 hours of compensatory time, referred to as a "cap" on both categories of leave time. City Letter, *supra* note 3, at 2. As the City explains: "If an employee accumulates leave in excess of the cap, he must take the leave by December of that year, or the leave is taken off the books. It is a 'use it or lose it' rule." *Id.* You ask whether the statute permits a fire fighter or police officer to donate leave time accumulated in excess of the cap. *See* Request Letter, *supra* note 1, at 2.

The City interprets the statute to mean that employees may donate only "paid leave that is not subject to the cap." City Letter, *supra* note 3, at 2. The City illustrates its interpretation with this example: "[I]f a police officer with 92 days of accumulated vacation donated the two additional days to the military leave bank, the days should be taken out of the leave bank in December just as they would be taken off the officer's accumulation of vacation in December." *Id.* The City contends that only "[t]he donor's rights to use the leave are transferred to the leave bank, nothing more." *Id.*

The plain language of section 143.075 does not permit an interpretation that limits an employee's right to donate to the military leave-time account in the way that the City suggests. The statute does not in any way qualify a fire fighter's or a police officer's right to donate accumulated leave—it may be donated in "any amount." TEX. LOC. GOV'T CODE ANN. § 143.075(c) (Vernon Supp. 2004). And as you have explained the City's leave policies, the cap pertains only to accumulated leave that may be carried over into a new year. Accordingly, during the year, fire fighters and police officers may donate whatever leave they would be entitled to use for themselves.

The City contends that donated leave in the account expires at the end of the year and may be deleted from the account if the donor has accumulated the maximum amount of carryover leave. City Letter, *supra* note 3, at 2. The City's position assumes that leave in the account would be subject to the donor's leave rights as determined at the end of the year. However, such an interpretation would frustrate an employee's right to donate leave time in "any amount" under section 143.075(c). Furthermore, that interpretation does not comport with section 143.075(d), which specifies the terms of the military leave-time account.

Section 143.075(d) requires a municipality to distribute leave from the account equally to all eligible beneficiaries. *See* TEX. LOC. GOV'T CODE ANN. § 143.075(d) (Vernon Supp. 2004). The municipality must credit and debit the account on an hourly basis without regard to the cash value of the time donated to or used from the account. *See id.* The statute does not provide a means for the donor to reclaim donated leave; consequently, a donation of leave under subsection (d) is complete once credited to the leave account. Under section 143.075(d), leave donated and credited to the military leave-time account no longer belongs to the donor and is not subject to the donor's leave rights determined at a later date.[6] Consistent with section 143.075 as a whole, and to effectuate the Act's overall purpose, we conclude that once donated leave has been credited to the military leave-time account under section 143.075(d), it may not be deleted from the account because of limits on the donor's rights to carry over leave into the next year.

---

[6]We note that in an analogous program, the sick leave pool that a county may establish under chapter 157 of the Local Government Code, leave credited to the sick leave pool is not thereafter subject to the donor's leave rights. Under chapter 157, the sick leave pool administrator must "credit the pool with the amount of time contributed by the employee and shall deduct the same amount of time from the amount to which the employee is entitled, as if the employee had used the time for personal purposes." TEX. LOC. GOV'T CODE ANN. § 157.074(b) (Vernon Supp. 2004). When an eligible employee withdraws leave from the sick leave pool, the "administrator shall credit the time to the employee, and the employee may use the time in the same manner as sick leave earned by the employee in the course of employment." *Id.* § 157.075(b). While not as detailed, section 143.075(d) also indicates that leave credited to the military leave-time account is not thereafter subject to the donor's rights. *See id.* § 143.075(d).

## S U M M A R Y

A municipality must maintain the insurance and benefits coverage when a municipal fire fighter or police officer is called for military duty, but only on the terms in effect when the employee received the call. Those terms may include the employees' obligations to pay their portion of any premiums.

Municipal fire fighters and police officers are entitled to donate any amount of leave to their department's military leave-time account that they would be entitled to use for themselves. A municipality may not delete time from the military leave-time account on the ground that an employee who donated leave to the account has accumulated the maximum amount of leave that municipal policies permit an employee to carry over from year to year.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee